IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-31086 |
|    Juan Mercado | ) | |
|    Aura Iris Mercado | ) | Hon. Jack B. Schmetterer |
| | ) | |
|    Debtor, | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| Juan Mercado | ) | Adv No. 10-01458 |
| Aura Iris Mercado | ) | |
|    Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Citimortgage Inc | ) | |
| | ) | |
|    Defendant | ) | |

### ~~Proposed~~ Findings of Fact and Conclusions of Law

Pursuant to a default order and because the allegations in the Complaint have been taken as confessed against Citimortgage the following findings of fact and conclusions of law are made and will be entered

1. Plaintiffs, Juan Mercado and Aura Iris Mercado, are individuals residing at 3511 W. Melrose, Chicago, IL 60618.

2. Citimortgage is a lender and/or servicer of mortgages.

3. Juan Mercado and Aura Iris Mercado filed for relief under Chapter 13 of the United States Bankruptcy Code on July 13, 2010 in the Northern District of Illinois, case number 10 B 31086.

4. This Adversary Proceeding arises under §§ 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334. This is a core proceeding under 28 U.S.C. § 157.

6. Juan Mercado and Aura Iris Mercado are the owners of real estate located at 3511 W. Melrose, Chicago, IL 50518 ("the real estate"), and legally described as follows:

   Section-Township 23-40-13 Lot #: 25 Block #: 4
   Parcel ID #: 13-23-409-012-0000

7. The fair market value of the real estate is $190,000, pursuant to exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by US Bank in the amount of $200,615.63 pursuant to exhibit B to the original adversary complaint (no proof of claim for US Bank has yet been filed).

9. Under 11 U.S.C. § 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the estate's interest in the property securing the claims, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $200,615.63, exceeds the value of the above real estate, $190,000.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. United States, No. 01-C-4052, 2001 WL 1249053 (N.D.Ill. Oct.16, 2001); In re Waters, 276 B.R. 879 (N.D. Il 2002) In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In

re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

ENTER: _____
Jack B. Schmetterer
United States Bankruptcy Judge

10/12/10

OCT 12 2010

Prepared By:
Jonathan D Parker
Attorney for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603